UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN EQUITY MORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:08CV01834 AGF |
| v. ) | |
| ) | |
| FIRST OPTION MORTGAGE, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court[1] on the motion of Defendant First Option Mortgage, LLC ("FOM"), to dismiss Count III of Plaintiff American Equity Mortgage, Inc.'s ("AEM") Second Amended Complaint for failure to state a claim. For the reasons set forth below, the motion to dismiss Count III of Plaintiff's Second Amended Complaint shall be denied.

## BACKGROUND

On November 26, 2008, AEM filed its original complaint against FOM, alleging that FOM breached the terms of a settlement agreement entered into by the parties resolving a 2006 lawsuit. It is undisputed that the settlement agreement was dated May 1, 2007, but was not executed until it was signed by FOM on July 26, 2007, and

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

1

subsequently by AEM on August 8, 2007. Pursuant to the terms of the settlement agreement, FOM agreed that during the period from May 1, 2007, until April 30, 2009, FOM and any affiliated or related business entity would not directly or indirectly employ any person (i) who was employed by AEM as of May 1, 2007, and/or (ii) who was employed by AEM at any time during the time period from May 2, 2007, until April 30, 2009.

In its original one-count complaint for breach of contract, AEM alleged that prior to May 1, 2009, FOM hired at least three employees whom FOM knew had been employed by AEM on or after May 1, 2007. AEM sought $75,000 in compensatory damages, attorney's fees, a permanent injunction and restraining order pursuant to the terms of the settlement agreement, and a preliminary injunction until a permanent injunction was issued.

In AEM's Second Amended Complaint, additional counts were added, including Count III which claims that AEM was fraudulently induced into entering into the settlement agreement. AEM claims that at the time of execution of the settlement agreement, FOM had the intention not to comply with the hiring restrictions. In support of this claim, AEM alleges that prior to entering into the final settlement agreement with AEM, but after the terms of the settlement had been agreed upon, an email was sent on May 21, 2007, by a partner of FOM, Kurt Nikolai, to the persons responsible for hiring at FOM, stating that FOM would consider hiring former AEM employees if they worked for

2

someone else, after leaving AEM, before being hired by FOM.[2]  Additionally, AEM alleges that FOM hired four former AEM employees in breach of the settlement agreement, with the first such hire taking place on May 12, 2008.  AEM also alleges that FOM agents involved in hiring AEM's former employees directed at least one of these employees to omit his past employment with AEM from his resume, and deleted such reference from another of the former AEM employee's job application.

AEM alleges that the no-hire promise, in the settlement agreement, was material because it affected the monies that AEM would accept in exchange for settling the 2006 lawsuit; that without FOM's promise, AEM would not have accepted the terms in the settlement agreement; that FOM intended that AEM rely on the promise in exchange for dismissal of the 2006 lawsuit; and that AEM was unaware of the falsity of the promise until FOM hired former AEM employees in violation of the settlement agreement.  In Count III of its Second Amended Complaint, AEM seeks $75,000 in compensatory damages, as well as an award of punitive damages.

FOM argues that Count III of AEM's Second Amended Complaint should be dismissed because it fails to satisfy the pleading requirements as set out in the Federal Rules of Civil Procedure 8 and 9, as AEM did not allege any facts to support its claim

---

[2]  According to FOM's reply to AEM's response to the motion to dismiss, the email stated as follows: "From this point forward, we are opting not to hire anyone directly from American Equity Mortgage.  If contacted by an existing AEM employee, please let them know that we as a company are not and will not consider them for hire.  If they leave and work elsewhere for a period of time, depending on the circumstances, we could consider them but only with Partner approval." (Doc. #121 p. 4.)

that FOM intended not to comply with the terms of the settlement agreement at the time it was executed, and because AEM is improperly attempting to turn a breach of contract claim into a fraud claim based solely on the evidence of breach itself.

## DISCUSSION

To avoid a motion to dismiss, a plaintiff does not have to "set out in detail the facts upon which he bases his claim;" however, Federal Rule of Civil Procedure 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp., 550 U.S. at 557).

Rule 9(b) requires that circumstances constituting fraud be pleaded with particularity. To satisfy this heightened pleading requirement, the complaint must allege "'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) (quoting Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002)).

This diversity case is governed by Missouri law. Under Missouri law,

> [t]o make a submissible case of fraudulent misrepresentation, a plaintiff is required to prove nine essential elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's

4

>ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

Richards v. ABN AMRO Mortg. Group, Inc., 261 S.W.3d 603, 607 (Mo. Ct. App. 2008) (citing Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 765 (Mo. 2007) (en banc)); see also Essex v. Getty Oil Co., 661 S.W.2d 544, 549 (Mo. Ct. App. 1983) (fraudulent inducement case). Furthermore, "[a] party who fraudulently induces another to contract and then also refuses to perform the contract commits two separate wrongs, so that the same transaction gives rise to distinct claims that may be pursued to satisfaction consecutively." Kincaid Enters., Inc. v. Porter, 812 S.W.2d 892, 900 (Mo. Ct. App. 1991); see also Davis v. Cleary Bldg. Corp., 143 S.W.3d 659, 669 (Mo. Ct. App. 2004).

The Court concludes that Count III of AEM's Second Amended Complaint states a claim under Missouri law and meets the pleadings requirements as set out in Rules 8 and 9. As noted above, AEM alleges that upon execution of the settlement agreement, FOM promised not to hire certain AEM employees for a period of two years; that such promise was made with the intention of inducing AEM to enter into the settlement agreement, even though FOM never intended to honor this promise as evidenced by the aforementioned email and the circumstances of the subsequent hiring of the four AEM employees in question; that this promise was material because it affected the money AEM would accept in exchange for settling the 2006 lawsuit; that without FOM's promise, AEM would not have accepted the terms of the settlement agreement; that FOM intended that AEM rely on the promise in exchange for dismissal of the 2006 lawsuit; that AEM

was unaware of the falsity of the promise until FOM hired former AEM employees in violation of the settlement agreement; and that AEM was injured by the false promise in an amount which exceeds $75,000.

AEM alleges that FOM committed two wrongs: (1) fraudulently inducing AEM to enter into the settlement agreement, and (2) breaching the terms of the settlement agreement. In <u>Kinkaid</u>, which FOM seeks to distinguish, the plaintiff, a business providing service workers for public entertainment events, purchased the defendant's business. The contract governing the sale included an agreement to give all of the defendant's uniforms and goodwill to the plaintiff. The defendant breached the agreement by, among other things, selling to the plaintiff's competitor some uniforms owed to the plaintiff, and introducing clients to the plaintiff's competitors. The plaintiff sued to recover for breach of contract and fraud in the inducement. After the jury returned a verdict for the plaintiff on both counts, the trial court granted the defendant's motion for judgment notwithstanding the verdict as to the fraud claim. The appellate court reversed, finding that the two claims were distinct, although Plaintiff had plead intermixed allegations of conduct constituting breach of contract by the defendant and the defendant's fraudulent intent in making the contract, and the Court remanded with directions to enter judgment for the plaintiff on the verdict for fraudulent inducement. 812 S.W.2d at 894-900.

FOM attempts to distinguish <u>Kinkaid</u> by arguing that the plaintiff in <u>Kinkaid</u> established an intent to defraud by showing that the defendant immediately engaged in

conduct far more "nefarious" than that alleged by AEM. The Court finds this distinction to be without merit at this point in the proceedings.[3]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Count III of Plaintiff's Second Amended Complaint for failure to state a claim is **DENIED**. [Doc. #113]

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of March, 2010.

---

[3] The Court shall not at this time consider evidence outside the pleadings, which would require treating the motion to dismiss as one for summary judgment, under Federal Rule of Civil Procedure 12(d).