UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN EQUITY MORTGAGE, INC., ) ) Plaintiff, ) ) v. ) ) FIRST OPTION MORTGAGE, LLC, ) ) Defendant. ) | Case No. 4:08CV01834AGF |

## ORDER

This matter is before the Court on the parties' motions in limine. A hearing was held on the record on May 12, 2010. Upon review of the record and the arguments presented at the hearing, and for the reasons stated by the Court at the hearing,

**IT IS HEREBY ORDERED** that Defendant's motion to exclude evidence not produced during discovery is **DENIED as moot** without prejudice to Defendant's right to raise such an objection during trial. (Doc. #146)

**IT IS FURTHER ORDERED** that Plaintiff's motion to exclude evidence concerning the 2006 divorce case involving Plaintiff's owner is **GRANTED** in part and **DENIED** in part. Defendant shall not be permitted to introduce the divorce decree or newspaper articles about the divorce. Defendant may introduce limited evidence concerning the divorce and its impact on Plaintiff's business to the extent relevant to damages. For example, Defendant may introduce such evidence to the extent it relates to

the valuation of the 2006 lawsuit between Plaintiff and Defendant, and in cross examination of Plaintiff's damages expert to show that the divorce impacted sales in Plaintiff's Indianapolis office during the relevant time period. The Court shall reserve ruling on the admissibility of any such evidence to establish bias of Deanna Daughhetee (Doc. #147)

**IT IS FURTHER ORDERED** that Defendant's motion to exclude evidence of damages theories not included in Plaintiff's expert report is **DENIED in large part,** with the Court reserving ruling on the admissibility of testimony by Ms. Daughhetee regarding her valuation of the no-hire provision in the settlement agreement between the parties. The parties may provide case law to the Court regarding the admissibility of such valuation testimony prior to the start of trial. Plaintiff shall give prior notice during trial of any such valuation testimony by Ms. Daughhetee, at which time the Court will address any objections made. (Doc. #148)

**IT IS FURTHER ORDERED** that Defendant's motion to exclude evidence related to Counts IV and V of the Second Amended Complaint is **GRANTED** at this time, with the Court reserving the right to reconsider the admissibility of evidence, for impeachment purposes, that agents of Defendant made misrepresentations to the Court during proceedings related to the stipulated preliminary injunction. Plaintiff shall give notice to the Court prior to the introduction of any such evidence. (Doc. #149)

**IT IS FURTHER ORDERED** that the Court shall reserve ruling on Plaintiff's motion to exclude evidence regarding Plaintiff's prior marketing practices until the Court hears the Plaintiff's evidence at trial. Defendant shall give notice to the Court prior to the introduction of any such evidence. (Doc. #150)

**IT IS FURTHER ORDERED** that Plaintiff's motion to exclude evidence regarding the claims/lawsuit of a former employee (Stephen Scouten) of Plaintiff against Plaintiff for compensation is **GRANTED,** unless Plaintiff opens the door to such evidence at trial. (Doc. #151)

**IT IS FURTHER ORDERED** that Defendant's motion to prohibit Plaintiff from calling defense counsel to testify is **GRANTED** pursuant to the agreement of the parties. (Doc. #152)

**IT IS FURTHER ORDERED** that Plaintiff's motion to exclude evidence relating to allegations that in 2010, Plaintiff recruited certain employees of Defendant is **GRANTED,** with the understanding that Defendant may request leave to introduce such evidence at trial if it believes Plaintiff has opened the door to its admission. (Doc. #153)

**IT IS FURTHER ORDERED** that Plaintiff's motion to exclude evidence relating to the circumstances under which any of Plaintiff's former employees, who were hired by Defendant in breach of the settlement agreement, left Plaintiff is **GRANTED** in part and **DENIED** in part. Such evidence shall be permitted only to the extent that it relates to Plaintiff's alleged damages. (Doc. #154)

**IT IS FURTHER ORDERED** that Plaintiff's motion to exclude evidence relating to the circumstances under which Michael Kempter left Plaintiff, including his health issues at the time, is **GRANTED** in part and **DENIED** in part. Such evidence shall be permitted only to the extent that it relates to Plaintiff's alleged damages. (Doc. #155)

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2010.